IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**CANTRAL JAMES ANDERSON,**

      **Plaintiff,**

v.                                                                                  No. 16-2716-STA-cgc

**INTERNAL REVENUE SERVICE,**

      **Defendant.**
_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
FOR SUA SPONTE DISMISSAL**
_____

      Before the Court is the United States Magistrate Judge's Report and Recommendation that the complaint in this matter be dismissed sua sponte. (ECF No. 7.) The Magistrate Judge submitted her report and Recommendation on February 27, 2017. Objections to the Report and Recommendation were due within fourteen (14) days of the entry of the Report. To date Plaintiff has filed no objections to the Magistrate Judge's Report. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report, and this matter is **DISMISSED**.

      The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[1] Rule 24(a) provides that if a party seeks pauper status on

---

[1] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999)

appeal, he must first file a motion in the district court, along with a supporting affidavit.[2] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the Court of Appeals.[3]

The good faith standard is an objective one.[4] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[5] It would be inconsistent for a district court to determine that a complaint should be dismissed for lack of subject matter jurisdiction but has sufficient merit to support an appeal *in forma pauperis*.[6] The same considerations that lead the court to dismiss this case sua sponte also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[7]

**IT IS SO ORDERED.**

---

[2] Fed. R. App. P. 24(a)(1).

[3] Fed. R. App. P. 24(a)(4)-(5).

[4] *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

[5] *Id.*

[6] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)

[7] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals

                                                              S. THOMAS ANDERSON
                                                              CHIEF UNITED STATES DISTRICT JUDGE

                                                              Date:  April 6, 2017

---

for the Sixth Circuit.  Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.